### 17485. FLODING INCORPORATED *v.* GUNTER.

This was an action against a corporation to recover commissions alleged to have been earned by the plaintiff in consummating sales of its stock. The defendant, being the issuer, was not required to obtain a permit from the securities commission before putting the stock on the market. If the plaintiff was required to do this before proceeding, as agent or solicitor, to sell the stock or offer it for sale, there being nothing in the record to show that when entering into the contract sued on the parties anticipated that the plaintiff would sell or offer to sell the stock without complying with the law, the defendant can not escape liability for commissions merely because the plaintiff, after the making of the contract, may have violated the criminal law in selling the stock without a license.

DECIDED FEBRUARY 14, 1927.

Certiorari; from Fulton superior court—Judge E. D. Thomas. May 17, 1926.

*Candler, Thomson & Hirsch, Welborn B. Cody,* for plaintiff in error.

*A. E. Wilson,* contra.

BELL, J. Gunter brought suit in the municipal court of Atlanta against W. E. Floding Incorporated, to recover commissions alleged to have been earned by him in selling stock of the defendant corporation. The trial having resulted in a verdict and judgment in favor of the plaintiff, the defendant carried the case by certiorari to the superior court, the certiorari was dismissed, and the defendant excepted. The sole question for determination in this court is whether the recovery was unauthorized because the plaintiff sold the stock in violation of the securities law (Ga. L. 1920, p. 250). Although it is true that the defendant corporation was the issuer, and therefore was not itself required to obtain a permit from the securities commission for the sale of its stock before putting the stock on the market (*Smith* v. *State,* 161 *Ga.* 103, 129

Brokers, 9 C. J. p. 566, n. 56, 57.
Contracts, 13 C. J. p. 539, n. 15.
Licenses, 37 C. J. p. 271, n. 50; p. 277, n. 43; p. 278, n. 61 New.

S. E. 766), it seems that the plaintiff, before proceeding, as an agent or solicitor, to sell or offer for sale such stock, should have obtained a permit or license to do so in accordance with the securities act (Ga. L. 1920, p. 270, sec. 36). Without a compliance with this statute by him (assuming such compliance to be necessary), the courts would probably refuse to enforce against a purchaser a contract for the sale of such stock, and if the sales were merely executory and nonenforceable, the plaintiff might possibly be precluded from recovering, because his services were of no value. See *McLamb* v. *Phillips*, 34 *Ga. App.* 210 (129 S. E. 570) ; *Witt* v. *Trustees Loan & Savings Co.*, 33 *Ga. App.* 802 (127 S. E. 810) ; *So. Flour & Grain Co.* v. *Smith*, 31 *Ga. App.* 52 (120 S. E. 36) ; *City of Jeffersonville* v. *Cotton States Belting & Supply Co.*, 30 *Ga. App.* 470 (7) (118 S. E. 442) ; *Bartow Guano Co.* v. *Adair*, 29 *Ga. App.* 644 (4) (116 S. E. 342). But such is not the present case. The evidence authorized the inference that the sales were all executed and that the stock was paid for. If the plaintiff had applied for the license and if the securities commission had granted his application and issued the license, his sales would have been legal. There is nothing in the record to show that, when the defendant employed the plaintiff to sell its stock and agreed to pay him a certain commission for his services, the parties contemplated the doing of an illegal act. In the absence of anything to the contrary, the assumption is that both parties anticipated that the plaintiff would comply with the law. "A contract will be construed as made for a legal, rather than for an illegal purpose; and the more especially when such contract is attacked by a party thereto who has been benefited thereby." *Virginia Bridge Co.* v. *Crafts*, 2 *Ga. App.* 126 (3) (58 S. E. 322) ; *Kiser Co.* v. *Padrick*, 30 *Ga. App.* 642 (2) (118 S. E. 791). So far as appears, the contract between the plaintiff and the defendant was not itself founded upon any immoral or illegal consideration; and this being true, the defendant can not escape liability for commissions on sales actually consummated, merely because the plaintiff may have violated the criminal law in executing the contract, there being nothing to show that the defendant intended or expected such violation, or was concerned in it, or even know of it. See *Russell* v. *Turner*, 14 *Ga. App.* 344 (1, 2) (80 S. E. 731) ; *Forsyth Mfg. Co.* v. *Castlen*, 112 *Ga.* 199 (3) (37 S. E. 485, 81 Am. St. R. 28) ;

*Kessler* v. *Pearson,* 126 *Ga.* 725 (55 S. E. 963, 8 Ann. Cas. 180); *Phenix Ins. Co.* v. *Clay,* 101 *Ga.* 331 (28 S. E. 853, 65 Am. St. R. 307). It follows that the municipal court did not err in rendering judgment in favor of the plaintiff, and that the superior court properly dismissed the certiorari.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*