## 23640. McWhirter v. Holmes.

SUTTON, J. The plaintiff purchased certain stock of a named corporation. She brought suit for return of the purchase-price thereof against the corporation, Kilgore, its president, and McWhirter, its secretary, both of whom were directors in the corporation, alleging that the sale of the stock was void, in that the stock was Class "D" securities, that the corporation had not complied with the securities law of this State by procuring a license from the Secretary of State to sell Class "D" securities, and by furnishing the Secretary of State with the statements and data required by section 13 of the law, that the stock purchased was therewith tendered into court, and that the suit was brought within twelve months from the date of the sale. The defendants set up that it was not necessary that the corporation comply with the Georgia securities law, it being the issuer of the stock, that the stock was not Class "D" securities, but was properly Class "B," the sale to plaintiff being only a single isolated transaction by the owner and issuer of the stock, and the defendant McWhirter set up that he did not actively participate in the negotiations with and sale of the stock to plaintiff. The jury found in favor of the plaintiff and against Kilgore and McWhirter. McWhirter moved for a new trial, the motion was overruled, and to this judgment he excepted. *Held:* .

1. A company or corporation that issues any securities sold or offered for sale to any person or persons in this State is an issuer of stock, within the meaning of that term as used in the Georgia securities law. See section 5 of that law (act of August 17, 1920 (Ga. L. 1920, p. 251), as amended by act of August 21, 1922 (Ga. L. 1922, p. 156), as amended by act of August 28, 1931 (Ga. L. 1931, p. 35); and as amended by act of March 23, 1933 (Ga. L. 1933, p. 263).)

2. It is not a necessary prerequisite to the validity of a sale of the capital stock of a corporation by the corporation itself, the stock being classed as "D" securities, that the corporation issuing the stock obtain from

the Secretary of State a permit or a license to sell it, as provided in the securities law. The requirements of this law, relative to the procurement of such license, refers to those who deal in stock and securities for sale, such as dealers, agents, brokers, solicitors, etc., and does not refer to the issuer of the stock offered for sale or sold. See *Smith* v. *State*, 161 *Ga.* 103 (129 S. E. 766); *Floding Inc.* v. *Gunter*, 36 *Ga. App.* 450 (136 S. E. 798). It therefore follows that the sale of the stock in this case by the corporation to the plaintiff, the same being Class "D" securities, was not void because neither the corporation itself, nor its president nor secretary, all defendants in the original petition in this case, had obtained from the Secretary of State a license to sell Class "D" stock, prior to the sale to the plaintiff.

3. However, before any one, the issuer or a dealer or broker, can offer for sale or sell to another any Class "D" securities in this State, it is absolutely necessary that the corporation issuing the stock comply with the provisions of the securities law relative to furnishing the Secretary of State with a description and the amount of the securities intended to be offered for sale, a certified copy of the articles of incorporation and by-laws, the names and addresses and prior occupations of its officers and board of directors, and other pertinent data concerning the financial status of the issuer of the stock, as required by section 13 of the securities law. It is undisputed in this case that the corporation issuing this stock did not comply with the provisions of this section prior to the sale of the stock to the plaintiff; and, according to the clear and unequivocal language of the act, in sections 13 and 35, a sale of securities in Class "D" may be voided by the purchaser within twelve months if there was a failure to comply with the requirements of section 13, without reference to whether a license to make the sale has been granted or not. *Witt* v. *Trustees Loan &c. Co.*, 33 *Ga. App.* 802 (127 S. E. 810); *Brannan &c. Co.* v. *Ramsaur*, 41 *Ga. App.* 166 (152 S. E. 282); *Felton* v. *Highlands Hotel Co.*, 165 *Ga.* 598 (2) (141 S. E. 793, 57 A. L. R. 987).

4. Where stocks in Class "D" are sold without a compliance with the provisions of section 13 of the securities law, every officer of the corporation issuing and selling the stock, who knowingly participates in the sale, may at any time within twelve months, on a tender of the stock to the issuer or into court, be held liable to the purchaser for the amount paid for such stock. *Brannan &c. Co.* v. *Ramsaur*, supra. The defendant McWhirter was an officer and director of the issuer corporation, and as such is charged with knowledge of its affairs; and even if he did not actually participate in negotiating the particular sale to the plaintiff, his official relation to the corporation and his signing the certificate of stock rendered him liable if the stock was sold in violation of the provisions of the Georgia securities law. See Smith *v.* Crawford, 228 Ky. 420 (15 S. W. (2d) 249).

5. The evidence in this case did not demand a finding that the sale of this stock constituted such a single isolated transaction by the owner thereof as to fall within Class "B," which is exempted from the provisions of this law. The jury were fully instructed that if they believed that such was the case, the defendants would not be liable. Not every single sale of stock can be said, as a matter of law, to fall within this class. If

that was the case, it would be comparatively easy for shrewd stock salesmen and promoters to evade the salutary purposes of the securities law. See *Brannan &c. Co.* v. *Ramsaur*, supra.

6. Under the facts of this case, it did not matter whether it was necessary that the corporation involved procure a license to sell the stock referred to or not, the corporation being the issuer thereof, there being an undisputed noncompliance with the provisions of section 13 of the securities law; and therefore the verdict against the defendant secretary of the corporation, who was also a director therein and participated somewhat in the corporate affairs, and as such signed the certificate of stock sold to the plaintiff, was authorized by the evidence. In this view of the case, none of the special assignments of error are meritorious; and the court did not err in overruling defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED SEPTEMBER 19, 1934.

*Dorsey & Shelton, Ralph H. Pharr,* for plaintiff in error.
*T. B. Clarkston, Noah J. Stone,* contra.