John P. SORENSON, Appellant,

v.

Mac ELROD, individually and trading as Mac Elrod Associates, Glen Briar Holding Corporation, and Bank of Miami Beach, Appellees.

No. 18377.

United States Court of Appeals Fifth Circuit.

Dec. 23, 1960.

Walter E. Wiles, Wiles, Johnson, Sippel & Barrington, Chicago, Ill., John G. Simms, Homestead, Fla., for appellant.

John Gale, of Von Zamft & Kravitz, Miami Beach, Fla., for appellees.

Before JONES and BROWN, Circuit Judges, and CARSWELL, District Judge.

JONES, Circuit Judge.

The appellant, John P. Sorenson, brought a suit against Mac Elrod and others, including the appellee, Bank of Miami Beach. The case was tried without a jury. There is no dispute as to the evidentiary facts and the defendants offered no testimony. Elrod, under the name of Elrod Associates, sent to Sorenson, who had answered an advertisement, a folder offering to sell some sort of an interest called "points of participation" in a venture involving lands which were represented, or rather misrepresented, to be "clear," "dry," "choice," "carefully selected" and "sound investments." The folder priced the offering at $250 a point and directed checks in payment "to be drawn to the order of Bank of Miami Beach, account of Project #10320" and sent to Elrod. Sorenson sent to Elrod a check for $500 as a deposit on the purchase of twenty of the points. The check was payable to the Bank in the manner specified in the folder. It was indorsed "Deposit only, Bank of Miami Beach, Trust Account." Soon afterward, Sorenson sent a check for the balance of $4,500, payable as the other had been and bearing a notation "Balance due on 20 points of project #10230." This check was endorsed "For deposit only, Mac Elrod Associates Project 10320 account".

Between the time that the $500 check was cleared through the Bank and the time the second check was received by it, the president and a vice president of the Bank received a call from Lynn Shaw, an investigator of the Florida Real Estate Commission, who informed the officers that Elrod's operations were under investigation. Shaw showed them a copy of the Elrod folder and inquired about their connection with it. The vice president said the Bank would have the statements referring to the Bank removed from the folders. Shaw did not direct the Bank to discontinue accepting deposits for Elrod's account and did not believe he had authority to give such directions. On a second visit to the Bank, Shaw informed the Bank's vice president that Elrod had been convicted of some offense in connection with a housing project. Sorenson, in his complaint, sought the recovery of the sums he had paid, with interest and attorneys' fees, asserting that there had been sold to him securities which were neither registered nor exempt from registration under the Federal Securities Act of 1933, 15 U.S. C.A. § 77a et seq., and the Florida Securities Act, Fla.Stat.Ann. Ch. 517. Sorenson repudiated his purchase and tendered to the defendants the participation certificate which had been issued to him. Elrod had withdrawn the funds from the bank account.

The claim of Sorenson is based upon the statutory right created by the Florida Act which gives the purchaser at sales made in violation of the Act the right to recover the purchase price upon making a tender of the securities.[1] Since no actual loss to Sorenson was proved or found, no common law right of recovery was established. It was contended that the defendants incurred statutory liability as principals, agents, participants, or conspirators, the first claim charging each of the defendants with the responsibility of the illegal sales as principals, agents, or partici-

1. "Every sale made in violation of any of the provisions of this chapter shall be voidable at the election of the purchaser; and the person making such sale and every director, officer or agent of or for the seller, if the director, officer or agent shall have personally participated or aided in any way in making the sale, shall be jointly and severally liable to the purchaser in an action at law in any court of competent jurisdiction upon tender of the securities sold or of the contract made, for the full amount paid by such purchaser, with interest, together with all taxable court costs and reasonable attorney's fees; * * *" Fla. Stat.Ann. § 517.21.

pants; the second claim making the same charge and praying an equitable lien on the land involved; the third claim charging a civil conspiracy; and the fourth claim charging fraud and deceit. The district court held that Sorenson was entitled to recover from all of the defendants except the Bank and was entitled to an equitable lien on the land. As to the Bank, the court held that Sorenson had failed to make out a case on any of his claims against it. The court's judgment provided that Sorenson take nothing against the Bank and that it go hence without day. From this part of the judgment Sorenson has appealed.

■ Sorenson first asserts that the Bank was an "agent" of Elrod, and as such, "personally participated," within the meaning of the statute, in making the sale to him. If it be assumed, and we think that it may, although it is denied, that the Bank was aware that Elrod's prospective purchasers were being asked to send their checks made payable to the Bank, this is not enough to establish an agency. Nor does the willingness of a bank to become the depositary of funds amount to a personal participation or an aid in making a sale. The Supreme Court of Florida has held that the statutory language, "personally participated or aided in any way in making such sale," "implies some activity in inducing the purchaser to invest." Nichols v. Yandre, 151 Fla. 87, 9 So.2d 157, 160, 144 A.L.R. 1351. See Robinton & Sowards, Florida Securities Act: A Re-Examination, 12 U. of Miami L.R. 1. The permission of the Bank, whether express or tacit, to the use of its name was not the taking of an active part in influencing the appellant to purchase.

This action is based upon the statute and is for the recovery of the price upon a redelivery or tender of the securities. No other cause of action was asserted either by pleading or upon the trial. Since the cause of action arising under the statute was not established, we might stop here. But since other matters were so strongly urged by the appellant, they will be discussed.

The second claim asserting a lien upon land is not involved on this appeal. The third claim is that there was a conspiracy to violate the Federal and State Acts. There is no evidence of a conspiracy to which the Bank was a party and the court has so found.

■ The fourth claim is on fraud and deceit in the offering and in the sale, and is based upon false and fraudulent representations as to the land which Elrod was syndicating into his point participation scheme. The judgment against Elrod may establish as a fact the charge that false and fraudulent representations were made to and were relied upon by Sorenson. But these representations were not made by the Bank and it received no benefit from them. The benefits incidental to the receipt of deposits are not such, in this case, as make the Bank a party to the fraud. Banking is an occupation not without its hazards, but we do not think it is exposed to the risk of having guaranteed the veracity or integrity of a customer whose funds it is willing to receive where it has done no more than to permit itself to be held out as a depositary. This is particularly so where, as here, it is not shown that at the time of the designation it had knowledge or was put on notice of the fraud of its depositor. The rule as to liability for fraud has been thus stated:

"One who, by fraudulent representations, induces another to act to his damage is liable for the damage suffered; but a person cannot be held liable for a fraudulent misrepresentation unless he made it himself or authorized another to make it for him or in some way participated therein, and this is true even though he had knowledge of the fraud perpetrated." 37 C.J.S. Fraud § 61, p. 346. See Lansburgh v. Parker, 41 App.D.C. 549, certiorari denied 234 U.S. 758, 34 S.Ct. 676, 58 L.Ed. 1579; 238 U.S. 619, 35 S.Ct. 601, 59 L.Ed. 1492.

We find nothing to take the case before us out of the rule stated.

The inclusion of the words "Trust Account" on the indorsement of the $500 check does not, either standing alone or considered with the other facts, impose a liability of the Bank to Sorenson. Whether Elrod was actually a fiduciary with respect to the funds represented by the check indorsed "Trust Account" need not be decided. It is a general rule that a bank is not only permitted to pay the checks drawn by a trustee on his bank account but is under a duty to do so unless the bank has knowledge that the trustee is converting or diverting trust funds, or is possessed of information putting it on inquiry. As has been said by this Court,

"Integrity and good faith are exacted, but the transactions of banks should not be clogged and hampered by unreasonable burdens of supervision over the activities of its depositors. If the bank does not participate in the fraud with knowledge that a breach of trust is intended, or does not know of suspicious circumstances which render the bank guilty of bad faith in failing to inquire further, the bank is not liable for honoring a fiduciary's check payable to himself." American Surety Co. of New York v. Waggoner National Bank, 5 Cir., 1936, 83 F.2d 99, 102. See Bank of Giles County v. Fidelity & Deposit Co. of Maryland, 4 Cir., 1936, 84 F.2d 321; 9 C.J.S. Banks and Banking § 338, p. 680.

Nothing is shown by the record before us to take this case out from the operation of the general rule.

The information given to the Bank's officers by Lynn Shaw, the investigator of the Florida Real Estate Commission, that Elrod had been convicted of an offense and subsequently paroled in connection with a housing project, was not knowledge that Elrod was converting or diverting trust funds nor was it thereby put on inquiry that Elrod might be breaching a trust. Information as to the conviction of Elrod of a criminal offense at some time in his past did not justify an inference that his Florida promotion in 1956 and 1957 was fraudulent. However, since fraud on the part of the Bank was neither pleaded, as is required,[2] nor proved, this aspect of the case need not be considered further.

No error appearing, the judgment of the district court is

Affirmed.

2. Rule 9(b) Fed.Rules Civ.Proc., 28 U.S.C.A.