HORTON, Judge.
Plaintiff-appellee brought this action under § 517.21, Fla.Stat., F.S.A., seeking in count 1 of his complaint recovery of the sum of $11,200, the aggregate consideration allegedly paid defendants for certain stock of a corporation in which the defendants were officers and directors. In count 2, appellee sought $8,400 in damages resulting from a drop in the price of the stock and $3,000 in salary allegedly due and owing. Pursuant to motions filed by all parties, the trial court, upon the basis of the pleadings, affidavits and depositions, entered summary judgment as to liability in favor of appellee and against both appellants on count 1 of the complaint. Later, in a separate judgment, the court summarily adjudged damages in the sum of $11,200, plus interest, attorney’s fees and costs. It is from these summary judgments that defendants have appealed.
We have reviewed the pleadings, affidavits and depositions on file and conclude that the judgment as to liability against the appellant John C. Scott, Sr., is correct and should be affirmed, but as to the remaining portions of the summary judgments resolving liability against John C. Scott, Jr., and the assessment of damages, attorney’s fees, etc., against both appellants, these are erroneous and should be reversed.
Disposing first of that part of the judgment with which we are in accord, we find that the record discloses no genuine issue as to material facts and appellee is, as a matter of law, entitled to recovery as against appellant John C. Scott, Sr. Appellants’ contention that the stock sale was exempt under § 517.06(4), Fla.Stat., F.S.A., is totally unsupported by the record. On the other hand, we are just as satisfied that this record reveals no evidence tending to show that appellant John C. Scott, Jr., in any way aided or participated in making the sale so as to impose liability upon him under § 517.21, supra. Therefore, he is, as a matter of law, entitled to a summary judgment in his favor and it was error to deny his motion. See Nichols v. Yandre, 151 Fla. 87, 9 So.2d 157, 144 A.L.R. 1351.
On the issue of damages, the record reveals conflicting evidence as to how much consideration appellee actually gave for the stock. The amount appellee claims, $11,-200, may be broken down as follows:
$1.500 — downpayment on certain equipment leased from appellant.
$2,500 — a check paid by appellee for stock.
$7,200 — alleged profit to appellee from a boat selling venture between appellee and appellants.
Appellee claims that all the above amounts were, through subsequent negotiation, applied toward the purchase of 22,400 shares of appellants’ stock. The minutes of a corporation meeting, held October 29, 1962, indicate that $11,200 was to be the consideration for 22,400 shares of stock sold to appellee. However, in his deposition, appellant John C. Scott, Sr., contends that the minutes are incorrect insofar as they relate to the alleged sale price. He further contends that the figure of $1,500 is not part of the stock transfer agreement but is rather the consideration paid pursuant to an unrelated contract. Appellee admits that he holds a promissory note in the sum of $1,700 from a third person covering the $1,500 paid to appellant John C. Scott, Sr. The record discloses conflicting evidence on the question of the amount of the profit derived from the boat selling venture. These matters constitute genuine issues as to the amount of damages and should be resolved only after a full hearing.
The summary judgment insofar as it determines the liability of John C. Scott, Sr., is affirmed, but in all other respects, the summary judgments appealed are reversed. The cause is remanded for further proceedings and for the entry of a summary judgment in favor of John C. Scott, Jr.
Affirmed in part, reversed in part and .remanded with directions.