212 So.2d 341 (1968)
Robert J. BARABAN, Appellant,
v.
MANATEE NATIONAL BANK OF BRADENTON, Florida, a National Banking Association, Appellee.
No. 67-381.
District Court of Appeal of Florida. Second District.
July 10, 1968.
Rehearing Denied July 25, 1968.
*342 Icard, Merrill, Cullis & Timm, Sarasota, and Wotitzky, Wotitzky & Schoonover, Punta Gorda, for appellant.
Gilbert A. Smith of Dye, Dye, Smith & Cleary, Bradenton, for appellee.
LILES, Chief Judge.
This is an appeal from a summary final judgment in favor of appellee Manatee National Bank and against appellant. The facts reveal that appellant was induced to give a $1,475.00 negotiable note to a Mr. Goodrich, the now deceased president of Pelican Productions, Inc., in return for an interest in an oil well venture. Pelican had engaged the Bank as an escrow agent to hold all funds for the venture. According to the terms of the agreement, if a specified amount was not deposited in escrow by a certain date, all deposits were to be returned to the investors. Goodrich failed to deposit appellant's note in the escrow account; however, no funds were ever placed in the account. After the date specified for the return of the funds passed, Goodrich negotiated appellant's note to the Bank. When the note came due, the Bank demanded payment. Appellant instead tendered his contract with Pelican and demanded the return of the note. The Bank brought suit on the note and appellant counterclaimed pursuant to the Florida Blue Sky Laws. The trial judge entered a summary judgment for the Bank.
At the outset it should be noted that because all transactions occurred before January 1, 1967, the Negotiable Instruments Law, rather than the Uniform Commercial Code is applicable. See Fla. Stat. § 680.10-101 (1967), F.S.A.
Appellant asserts initially that the Bank was not a holder in due course, as defined by statute, because it had knowledge of sufficient facts to put it on "notice of any infirmity in the instrument or defect in the title of the person negotiating it." Fla. Stat. § 674.54(4) (1965), F.S.A. In order to constitute the notice contemplated by § 674.54(4), it is necessary that the holder of the note have "actual" knowledge of the infirmity or knowledge of such facts that by taking the note, the holder acted in bad faith. Fla. Stat. § 674.58, (1965), F.S.A.
Any resolution of the present conflict should harken back to the basic policy of the freedom of negotiability. Courts have generally been averse to adopting rules which burden a holder in due course or unduly hamper the transferability of negotiable paper. 11 Am.Jur.2d, Bills & Notes, § 398. Thus, a subjective test of honesty, rather than an objective test of diligence, is applied. Knowledge of facts, not due care or negligence, is regarded as the test of a holder's good faith. Mutual Finance Co. v. Martin, Fla. 1953, 63 So.2d 649, 44 A.L.R.2d 1; Phoenix Mortgage & Loan Co. v. Martin, 1931, 102 Fla. 1061, 136 So. 673.
The main thrust of appellant's attack is based on the assertion that the Bank knew of Pelican's dealings because it agreed to act as escrow agent. It is undisputed that the Bank had no actual knowledge of the purpose for which the note was given and it was not alleged that the Bank in any way participated in the transaction. Moreover, the trial judge found that the escrow agreement was an entirely distinct transaction, and that even if the Bank knew of the general nature of Pelican's business, there was nothing about the note in question that would put the Bank on notice that it was connected with *343 the escrow agreement. Since the Bank neither took the note with notice of any defect, nor had knowledge of facts making acceptance of the note an act of bad faith, the conclusion must follow that it was a holder in due course within the meaning of Section 674.54.
The second issue to be resolved concerns the Florida Securities Act, Fla. Stat. Ch. 517 (1965), the "Blue Sky Laws." Sections 517.07 and 517.12 require the sellers of certain kinds of securities, including the ones involved herein, and the securities themselves to be registered. Under section 517.21, every sale made in violation of these laws is voidable at the election of the purchaser. It is undisputed that Pelican Productions did not comply with these statutes.
Appellant asserts that because the Bank entered into the escrow agreement with Pelican, it should have investigated to discover if the Blue Sky Laws had been satisfied. The theory is that the Bank actually participated in the defrauding of appellant by lending its name to the escrow agreement. The issue to be decided is, therefore, whether the Bank is liable by virtue of the Blue Sky Laws because it acted as escrow agent  a mere depository of funds. We think the answer must be in the negative.
In Sorenson v. Elrod, 5th Cir.1960, 286 F.2d 72, the purchaser of an interest in real estate brought suit against the seller of the interest, against a bank that was used as depository for the funds, and others, alleging that the sales to him were in violation of the Florida Blue Sky Laws. The court awarded judgment to the plaintiff against all defendants except the bank, holding that the bank, by acting as a depository only, had not participated in the fraud, and was not an agent of the seller. In the course of its opinion, the court stated:
"Nor does the willingness of a bank to become the depository of funds amount to a personal participation or an aid in making a sale. The Supreme Court of Florida has held that the statutory language, `personally participated or aided in any way in making such sale,' `implies some activity in inducing the purchaser to invest.' Nichols v. Yandre, 151 Fla. 87, 9 So.2d 157, 160, 144 A.L.R. 1351. * * * The permission of the Bank, whether express or tacit, to the use of its name was not the taking of an active part in influencing the appellant to purchase." 286 F.2d at 74.
The appellant has thus also failed to establish a cause of action under the Blue Sky Laws because it failed to show the Bank's participation in the fraud. Since neither of appellant's points is well taken, the decision of the lower court must be affirmed.
ALLEN and PIERCE, JJ., concur.