47259.   ARNOLD v. MIXON.
47260.   SHARP v. MIXON.

PANNELL, Judge. 1. The Georgia Securities Act, as amended (Ga. L. 1957, p. 134; 1959, p. 89; 1960, p. 957; 1963, p. 557; 1969, p. 235 [without consideration of the amendment by Ga. L. 1970, p. 488; 1970, p. 718]; *Code Ann. Title* 97) regulates the issuance and sale of securities, and the capital stock of a corporation is a security under the terms of the Act. Section 1 (i) (*Code Ann.* § 97-102 (i)). Section 3 of the Act (*Code Ann.* § 97-104) provides that "It shall be unlawful to sell or offer to sell any securities within this State, except those exempt under Section 5 [*Code Ann.* § 97-106] or those sold in transactions exempt under Section 6 [*Code Ann.* § 97-107], until registration of such securities . . . " It appears that only "a dealer, a limited dealer, or the issuer" may file for

registration of securities under the Act (Section 3 (a) and (b); *Code Ann.* § 97-104 (a) and (b)); and that an individual desiring to sell stock owned by him, not otherwise registered, would have to register as a limited dealer under Section 4 of the Act (*Code Ann.* § 97-105). Section 13 of the Act (*Code Ann.* § 97-114) provides that "[e]very sale, or contract for sale in violation of any of the provisions of this Act, or of any order issued by the commissioner under any provision of this Act, shall be voidable at the election of the purchaser." The purchasers in the present case claiming a violation of the Act tendered the stock back to the seller within the time provided by the law seeking recovery of the amounts paid by them, together with reasonable attorneys' fees and costs, as provided in Section 13 of the Act.

2. The last sale in the present case on August 1, 1969, was a sale by Mixon of 13,000 shares of MSA stock to Strategy, Inc., a North Carolina corporation engaged in buying and selling securities, and was a transaction exempted from the operation of Sections 3 and 4 of the Acts by Section 6 (e) (*Code Ann.* § 97-107 (e)) which exempts "[t]he sale of any securities to any bank, savings institution, trust company, insurance company, corporation or dealer, or to any organization or association a principal part of whose business consists of the buying of securities." Nor was this sale converted into a transaction not exempt merely because the contract between Mixon and Strategy, Inc. provided for a breakdown of Mixon's 13,000 MSA shares sold at that time into seven stock certificates in denominations of 500 to 7,500 shares, and that they be endorsed in blank and be free of any transfer restrictions and not have any restrictions or legends thereon, and was subsequently sold in part by Strategy, Inc. to several different persons.

3. Also exempted by Section 6 of the Act in paragraph (c) (*Code Ann.* § 97-107 (c)) is "an isolated *transaction* in which securities are sold by or for the account of the owner of the securities, whether through a dealer, a lim-

ited dealer, or otherwise, if such transaction is not one of repeated and successive transactions of a like character, and if such owner or his representative is not the issuer or underwriter of such securities."

The evidence shows conclusively the separate transfer by sale by Mixon of 1,000 shares of MSA stock to Sharp on April 15, 1969, and of 500 shares of MSA stock to Arnold on May 26, 1969, were but results of one transaction in which a sale resulted to two people, the delay in the consummation of the sale to Arnold being occasioned by Arnold's delay in making financial arrangements to consummate the sale. While there were successive sales, there were no successive transactions. See Vohs v. Jones, U. S. Dist. Court, Northern Dist. of Ga., #13820, decided August 23, 1972; Whitaker v. Jones, U. S. Dist. Court, Northern Dist. of Ga., #13821, decided August 23, 1972; Vohs v. Dickson, U. S. Dist. Ct., Northern Dist. of Ga., #13727, decided Sept. 28, 1972; Whitaker v. Dickson, U. S. Dist. Ct., Northern Dist. of Ga., #13728, decided Sept. 28, 1972; *Brannan, Beckham & Co. v. Ramsaur,* 41 Ga. App. 166 (152 SE 282); *McWhirter v. Holmes,* 49 Ga. App. 536 (176 SE 153), both of which last two cases are discussed in the Vohs and Whitaker cases. Also Kneeland v. Emerton, 280 Mass. 371 (183 NE 155, 87 ALR 1); Commonwealth v. Summons, 157 Pa. Super. 95 (41 A2d 697); Tarsia v. Nick's Laundry &c. Co., 259 Ore. 562 (399 P2d 28). Nor does the exempted sale to Strategy, Inc., it being a sale exempt otherwise than an isolated transaction, constitute a successive transaction of a like character to the transaction involving the sales to Sharp and Arnold. While successive sales (not exempt otherwise) might constitute "successive transactions of a like character" so as to prevent any one of such sales from being an isolated transaction, a sale entirely exempt as a transaction because of its own characteristics, can not be said to be a "successive transaction of a like character" to a sale exempt for other characteristics, that is, an "isolated transaction," so as to make the "isolated trans-

action" one not exempt. See Allen v. Schauf, 202 Kan. 348 (449 P2d 1010).

4. Accordingly, the trial judge did not err in granting Mixon's motions for summary judgment and in overruling the motions for summary judgment of Sharp and Arnold.

5. Whether or not the trial judge had authority to modify or vacate the summary judgments granted (see *LeCraw v. Atlanta Arts Alliance*, 126 Ga. App. 656, 663 (191 SE2d 572)), there was no error in refusing to vacate the summary judgments entered in the present case as the newly discovered evidence, considered in the present decision, does not require a different ruling.

*Judgments affirmed. Hall, P. J., and Quillian, J., concur.*
ARGUED JUNE 6, 1972—DECIDED NOVEMBER 15, 1972.

*Shoob, McLain & Jessee, Charles F. Barnwell, Gerald H. Appleby,* for appellants.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Emmet J. Bondurant, Richard R. Cheatham,* for appellee.

