395 So.2d 213 (1981)
Nazario ALVAREZ, Martha Alvarez and Marlene Alvarez, Both Minor Children, by and through Nazario Alvarez, Appellants,
v.
Martha DeGuirre, National American Insurance Company, Indiana Insurance Company, and Jennings Construction Corporation, Jointly and Severally, Appellees.
No. 79-731.
District Court of Appeal of Florida, Third District.
February 24, 1981.
Rehearing Denied March 30, 1981.
*214 Norman N. Zipkin and Bernard I. Rappaport, John A. Finn, Miami, for appellants.
Frates, Floyd, Pearson, Stewart, Richman & Greer and James C. Gailey, Bartel, Shuford & Dubitsky and Mark Kamilar, Miami, for appellees.
Before BARKDULL, HENDRY and NESBITT, JJ.
NESBITT, Judge.
This is an appeal from an order granting defendants' motion to dismiss plaintiffs' fifth amended complaint for failure to state a cause of action.
The factual allegations of the various causes of action alternatively alleged in the fifth amended complaint showed that the plaintiffs-appellants leased a single-family residence from its owner, defendant-appellee, DeAguirre. Co-defendant, Jennings Construction Corporation was the general contractor who built DeAguirre's house. Roche Electrical Company, Inc., also a codefendant, *215 had the subcontract to install the electrical system. The amended complaint alleged that a fire was started in the electrical box behind the kitchen stove due to a faulty circuit breaker which caused an overload. It was further alleged that the damages and injuries resulted from a defect created by the general contractor and/or the subcontractor which they should have been aware of and that the owner of the property knew or should have known of the defect.
The fifth amended complaint contained counts against the general contractor and subcontractor under the theories of negligence, strict liability, and breach of warranty. In addition, the defendant-owner was sued on the theories of negligence and breach of implied warranty of fitness. Defendants, DeAguirre and Jennings Construction Corporation, made a motion to dismiss the fifth amended complaint which the trial court granted. The subcontractor, Roche Electrical Company, Inc., did not join in the motion and is therefore not a party to this appeal.

CONTRACTOR'S NEGLIGENCE
The trial court properly dismissed the count of negligence against the contractor, Jennings Construction Corporation. Plaintiffs contend that Slavin v. Kay, 108 So.2d 462 (Fla. 1959) permits a third party, more particularly a tenant, to recover for injuries caused by a defect created by a contractor's original negligence which was latent and not otherwise discoverable. Plaintiff's position that the Slavin rule would apply to a tenant is correct; however, even a liberal reading of the fifth amended complaint indicates that the plaintiffs failed to allege that the defect was latent.
In the present case, the fifth amended complaint, in the count against the contractor for negligence, alleged that:
On/or about the 27th day of May, 1975, there existed a defect at the premises that the defendant, Martha DeAguirre [owner] and/or Jennings Construction Corporation [contractor], and/or Roche Electrical Company, Inc. [subcontractor] knew or should have known existed. [emphasis supplied].
There was, however, no allegation that the defect was either latent, and therefore not discoverable; or that it was not discovered by the owner. If the defect was discoverable, i.e., not latent, or, in fact, had been discovered, the general rule which relieves contractors of liability for a third party's injuries resulting from discoverable defects would govern. Slavin v. Kay, supra; Simmons v. Owens, 363 So.2d 142 (Fla. 1st DCA 1978); El Shorafa v. Ruprecht, 345 So.2d 763 (Fla. 4th DCA 1977). This general rule is premised upon the contractor returning control to the owner thereby giving the owner the opportunity and duty to remedy a discoverable defect. Upon acceptance of the work, the contractor is put out of possession and therefore is not held liable to third parties for conditions which the owner has chosen to accept. Upon learning of the defect, it is the owner's negligence which is the proximate cause of the injury rendering the owner liable and exonerating the contractor. El Shorafa v. Ruprecht, supra.
The fifth amended complaint alleges that DeAguirre, the owner, "knew or should have known" of the existence of the defect. This allegation, accepted as being true, as it must for the purposes of summary judgment, clearly places the contractor within the general rule which frees him from the liability which would otherwise be imposed for injuries to third-party tenants resulting from latent defects.

OWNER'S NEGLIGENCE
The complaint, though inartfully drawn, read in the light most favorable to the non-moving party, does state a cause of action for negligence against the owner, DeAguirre, which should not have been dismissed. It is clear that:
[w]here the landlord surrenders possession and control of the lease premises to the tenant, in the absence of fraud or concealment, the tenant assumes the risk as to the condition of the premises, including the heating, lighting apparatus, *216 plumbing, water pipes, sewers, etc. In other words, the rule of caveat emptor applies, hence the landlord is not liable for any personal injuries or sickness of tenants, although attributable to the defects in the fixtures.
Brooks v. Peters, 157 Fla. 141, 145, 25 So.2d 205, 207 (1946).
However, in the instant case, the complaint alleged: "that there existed latent defects[1] which defendant Martha DeAguirre knew or should have known existed." Unlike the situation in Brooks, here there was an allegation of knowledge on the part of the owner. A landlord is under no duty to advise a tenant of a condition which is apparent. Butler v. Maney, 146 Fla. 33, 200 So. 226 (1941). However, if the landlord is aware of a dangerous condition on the premises which arises from a latent defect, it is his duty to disclose such a fact and failure to do so or concealment thereof may constitute negligence and render him liable for the resulting injuries. Butler v. Maney, supra. The question as to whether or not the owner had knowledge of the defect as alleged is to be determined by a jury. Consequently, the allegation that the owner knew or should have known of the defect requires us to reverse the granting of the motion to dismiss with respect to the issue of the owner's liability for negligence.

OWNER'S BREACH OF IMPLIED WARRANTY
Although it is clear that liability may be imposed upon an owner for failure to disclose a known defect on a negligence theory, it is equally clear that: "there is ... no implied warranty on the part of the lessor that the demised premises are safe or reasonably fit for occupation... ." Butler v. Maney, 146 Fla. at 41, 200 So. at 229 (1941); 49 Am.Jur.2d Landlord and Tenant §§ 768 and 769 (1970). Consequently, the count against the owner for breach of an implied warranty cannot stand.

CONTRACTOR'S BREACH OF IMPLIED WARRANTY AND STRICT LIABILITY
As to the counts against the contractor, Jennings Construction Corporation, for strict liability and breach of implied warranty, it has been settled that no cause of action will lie. Strathmore Riverside Villas Condominium Association, Inc. v. Paver Development Corporation, 369 So.2d 971 (Fla. 2d DCA), cert. denied, 379 So.2d 210 (Fla. 1979); Simmons v. Owens, supra; Gable v. Silver, 258 So.2d 11 (Fla. 4th DCA), aff'd 264 So.2d 418 (Fla. 1972).

DISMISSAL OF FIFTH AMENDED COMPLAINT WITH PREJUDICE
This was the sixth attempt by plaintiff to state a cause of action. At the close of the hearing on the motion to dismiss this, the fifth amended complaint, the trial court indicated that the amended complaint would be dismissed with prejudice unless a memorandum of law in support of plaintiff's position was submitted. Plaintiff chose not to file a memorandum and the fifth amended complaint was dismissed prompting this appeal.
While the policy in Florida is to liberally allow amendments to pleadings where justice so requires, Romish v. Albo, 291 So.2d 24 (Fla.3d DCA 1974), Turner v. Trade-Mor, Inc., 252 So.2d 383 (Fla. 4th DCA 1971), a trial judge in the exercise of sound discretion may deny further amendments where a case has progressed to a point that liberality ordinarily to be indulged has diminished. Ruden v. Medalie, 294 So.2d 403 (Fla. 3d DCA 1974). However, in addition to the desirability of allowing amendments to pleadings so that cases may be concluded on their merits, Turner v. Trade-Mor, Inc., supra, "there is an equally compelling obligation on the court to see to it that the end of all litigation be finally reached." Brown v. Montgomery Ward & Company, 252 So.2d 817, 819 (Fla. 1st DCA 1971), cert. denied, 257 So.2d 561 (Fla. 1972).
*217 While we stress that it is not the number of amendments which determines the abuse, it has been held that "[g]enerally three ineffective attempts to state the same cause of action or defense are enough," Trawick's Florida Practice and Procedure § 14-2 at 208 (1980 Edition) and the "liberality in permitting amendments decreases as the action progresses and as the number of amended pleading increases." Trawick's Florida Practice and Procedure § 14-3 at 210 (1980 Edition). See Airlift International, Inc. v. Linee Aeree Italiane S. p. A., 212 So.2d 109 (Fla.3d DCA 1968). Additionally, in Florida Gas v. Arkla Air Conditioning Company, 260 So.2d 220, 221 (Fla. 1st DCA 1972), it was stated that: "`three strikes are out' in a baseball game; [plaintiff] has been at bat four times. Under the most liberal construction of our modern rules, we hold that ample opportunity has been proffered to appellant." In the present case, the plaintiffs have had six swings at the cause of action and have yet to connect.
For the foregoing reasons, the order granting defendant's motion to dismiss plaintiffs' fifth amended complaint for failure to state a cause of action is affirmed with respect to the counts for negligence, strict liability, and implied warranty against the contractor, Jennings Construction Corporation; and for the count of implied warranty against the owner, DeAguirre. The order granting the motion to dismiss is reversed as to the count against the owner for negligence.
Affirmed in part; reversed in part.
NOTES
[1] The allegation that the defects were "latent" is found in the count against the owner which was separate, distinct, and not incorporated by reference or otherwise into the prior count against the contractor and therefore may not be used to remedy the defectively pled count against the contractor, Jennings Construction Corporation.