423 So.2d 923 (1982)
Brad ECHOLS, Appellant/Cross-Appellee,
v.
The HAMMET COMPANY, INC., Appellee/Cross-Appellant,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
No. 81-736.
District Court of Appeal of Florida, Fourth District.
November 10, 1982.
Rehearing Denied January 19, 1983.
*924 Larry Klein and Cone, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for appellant/cross-appellee.
David F. Crow of Paxton, Crow, Bragg & Austin, P.A., West Palm Beach, for appellee/cross-appellant The Hammet Co., Inc.
HERSEY, Judge.
Appellant, injured in an automobile accident allegedly caused by a dangerous condition of the road, brought suit against appellee The Hammet Company, Inc. for negligent construction of the road and against the State of Florida Department of Transportation (D.O.T.) for negligent maintenance of the road. A settlement was reached between appellant and the D.O.T. and the matter proceeded to trial by jury on the remaining issues.
The jury found that the accident was caused by a combination of the negligence of all three parties apportioned as follows: appellant, 85%; Hammet, 8.3%; and the D.O.T., 6.7%. Damages were assessed at $1,700,000 and after reducing this by the amount attributable to appellant's comparative negligence, final judgment was originally entered against both appellees in the amount of $255,000. Subsequently, however, the court entered separate orders: the first directed a verdict in favor of appellee, Hammet, in accordance with its previously filed motion; the second directed a verdict in favor of the D.O.T. on the same basis. The net result was no recovery for appellant. The main appeal attacks the directed verdict in favor of Hammet, which, in turn, cross-appeals the directed verdict in favor of the D.O.T.
The trial court apparently based its direction of a verdict for Hammet on the doctrine of Slavin v. Kay, 108 So.2d 462 (Fla. 1959). We explained that doctrine in El Shorafa v. Ruprecht, 345 So.2d 763, 764 (Fla. 4th DCA 1977), as follows:
In Slavin v. Kay, 108 So.2d 462 (Fla. 1959), the Supreme Court of Florida considered the respective liability of an owner and contractor for injuries to a third person for negligence of the contractor in the construction of the improvement. The court held that, if the offending defect was latent and unknown to the owner, the contractor remained liable, even after the project was completed and accepted by the owner. The rationale of that holding is that the contractor's negligence is the proximate cause of the injury. The Slavin court held, however, that if the defect were patent or if the owner learned of it and did not rectify the condition then the owner's negligence is the proximate cause of the injury rendering the owner liable and exonerating the contractor.
A case should be taken from the jury only where there is no evidence upon which reasonable men could disagree, that is, only where it is clear as a matter of law that one party or the other must prevail. Under the Slavin test Hammet could prevail as a matter of law only if there was no evidence that the condition of the road caused (or contributed to) the accident or, in the alternative, that whatever defect in the road caused the accident was a patent (rather than a latent) condition thereby placing the duty and thus the burden of observing and remedying that condition on the D.O.T.
*925 Evidence at trial showed that either the material used or the method of constructing the shoulder resulted in a load bearing measurement considerably lower than that which would have been acceptable to the D.O.T.; however no tests were made at the time of construction so the defect went unobserved and uncorrected. There was also evidence that the shoulder of the road in the vicinity of the accident had become somewhat lower than the road bed. When appellant's vehicle left the travelled portion of the roadbed its wheels were on the shoulder where this drop-off effect made it difficult to return the front wheel from the low shoulder to the higher road bed, thus causing or contributing to the cause of the accident. There was therefore some evidence that a defect in the road (the shoulder) was causally involved in this accident. The remaining inquiry is whether the defect was observable.
The evidence is conflicting and imprecise regarding: the differential between the level of the road and the shoulder at the point where appellant's vehicle attempted to renegotiate the road; whether the D.O.T. had previously repaired the portion of the shoulder involved here; and whether the D.O.T. permitted grass to grow to a height obscuring the drop-off from the road to the shoulder in the area where the accident occurred. We do not attempt to exhaustively set out the evidence or to catalogue the permissable inferences that a jury might draw from that evidence. We conclude, however, that a jury question was presented as to whether the defective condition was observable or whether it was for one reason or another concealed. It was therefore reversible error to direct a verdict for appellee, Hammet. We would simply remand with instructions that the jury verdict and the final judgment be reinstated but for another error we discern.
That error resulted from the fact that the trial court prohibited Hammet from contending in final argument to the jury that the accident had been caused by negligent maintenance of the shoulder on the part of the D.O.T. Although the question of negligent maintenance had been included in the settlement between appellant and the D.O.T. this would not preclude Hammet from relying on negligent maintenance by the D.O.T. (as opposed to negligent construction by Hammet) as a defense. Disallowing that argument was error. The trial court also erred by refusing Hammet's request for a Slavin doctrine instruction.
Because of the interrelationships of these errors which fatally infect the ultimate result, we are required to reverse and to remand this cause for a new trial on the issue of liability only. We find no error in the damage aspect of the case.
REVERSED and REMANDED for NEW TRIAL ON LIABILITY ONLY.
LETTS, C.J., and ANSTEAD, J., concur.