426 So.2d 1050 (1983)
Hillard HALPRYN, M.D., et al., Appellants,
v.
HIGHLAND INSURANCE COMPANY, et al., Appellees.
Nos. 81-2055, 81-2168.
District Court of Appeal of Florida, Third District.
January 25, 1983.
Rehearing Denied March 8, 1983.
Joe N. Unger, Miami, Wolfson & Diamond, Miami Beach, for appellants.
Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and Roy D. Wasson and Robert K. Tucker, Jepeway & Jepeway, and Louis Jepeway, Miami, for appellees.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
SCHWARTZ, Chief Judge.
Dr. Halpryn slipped and fell on a wet, freshly painted concrete driveway at his father-in-law's home. He sued the manufacturer and the retailer of the paint. Two expert witnesses stated that the surface was dangerously slippery and unsafe when rained upon, but neither they nor anyone else attributed that condition to the paint, as opposed to the concrete to which it was applied; indeed, it was not shown even whether it had rendered the driveway more *1051 or less slippery than it was before. Thus, there was no evidence that a "defect" in the paint was a cause of the injury, as is required to sustain an action on theories of strict liability. West v. Caterpillar Tractor Co., Inc., 336 So.2d 80 (Fla. 1976). Moreover, there was no testimony that the seller had been asked to supply a paint which would render an outside surface skid-proof or rain-resistant so as to justify a claim that an implied warranty of fitness for a particular purpose had arisen. Cf., Smith v. Burdines, Inc., 144 Fla. 500, 198 So. 223 (1940). Hence, we approve the trial court's action in directing a verdict for both defendants at the conclusion of the plaintiff's case.
Affirmed.