481 So.2d 1290 (1986)
Lee Anne JACKSON, Lael R. Jackson and Stromberg-Carlson, Appellants,
v.
L.A.W. CONTRACTING CORPORATION, Appellee.
Nos. 84-1623, 84-1665.
District Court of Appeal of Florida, Fifth District.
January 23, 1986.
*1291 Bill McCabe of Shepherd, McCabe & Cooley, and Marcia K. Lippencott, Orlando, for appellants Lee Anne Jackson and Lael R. Jackson.
Robert E. Bonner of Pitts, Eubanks, Hannah, Hilyard & Marsee, P.A., Orlando, for appellant Stromberg-Carlson.
Sharon Lee Stedman of Rumberger, Kirk, Caldwell, Cabaniss & Burke, Orlando, for appellee.
COWART, Judge.
This case involves the liability of a road contractor who resurfaced a private road under contract with the owner for injuries to a third person whose automobile skidded on the slippery surface of the resurfaced road.
Appellee, L.A.W. Contracting Corporation (contractor) repaired, recoated and restripped a private road under contract with appellant Stromberg-Carlson, the owner of the land on which the road was located. The Jacksons were injured when their vehicle skidded on the resurfaced road. The Jacksons sued Stromberg-Carlson and the contractor, and Stromberg-Carlson cross-claimed against the contractor seeking indemnification and contribution. The ultimate claims against the contractor were (1) negligence, (2) strict liability, and (3) breach of implied warranty of merchantability. The issues on appeal are whether the trial court erred in entering a summary judgment in favor of the contractor and against the owner[1] as to the owner's indemnity count against the contractor relating to the Jacksons' claim of negligence against the owner, and a summary judgment in favor of the contractor and against the Jacksons as to the claim based on the theories of strict liability and breach of implied warranty of merchantability. We affirm.
The summary judgment in favor of the contractor on the theory of strict liability was proper because the concept of strict liability applies to consumer products and does not apply to improvements to real property. Neumann v. Davis Water and *1292 Waste, Inc., 433 So.2d 559 (Fla. 2d DCA 1983), pet. for rev. den., 441 So.2d 632 (Fla. 1983). Of course, this principle is inapplicable where the injuries result not from the real property as improved by the alleged defective product but directly from a defective product manufactured by defendant, which product may have itself been incorporated into the improvement of the realty before the injury from the product occurred. Nevertheless the principle and not the exception applies here because in this case the contractor essentially was rendering services for the improvement of real property and that the supplying of goods was a minor element of the transaction.
The argument that the contractor should be strictly liable as a manufacturer in this case is not convincing. Here, the manufacture of the road sealer (a coal tar petroleum emulsion sealer known by the trade name of Cosmicoat) recommended that, to aid its application and achieve the proper coverage rate, ten percent water be added to the Cosmicoat while stirring and that, if necessary because the temperature is high and the humidity is moderate or low, the pavement be dampened or additional water be added to the manufacturer's product. The contractor did not manufacture the Cosmicoat and did not become a manufacturer of a defective product merely because it mixed water with the Cosmicoat in accordance with the manufacturer's instructions for use. Compare Vaughn v. Chadbourne Inc., 462 So.2d 512 (Fla. 1st DCA 1985), where the same entity owned a batching plant and did manufacture a road surfacing product which, acting as a contractor, it used in resurfacing a road upon which an accident occurred. Both in this case and in Vaughn the injury occurred because of the slippery nature of the resurfaced road. However, in Vaughn, the slippery nature resulted from the material applied itself, not from the method of applying the recoating material. The defendant in Vaughn manufactured the slippery paving material but the defendant in this case did not.
Addressing the implied warranty claims, the contract in this case was not one for the sale of goods or sale of a product by a merchant but was to repair, sealcoat, and restripe the owner's private road. The supplying of the Cosmicoat was a minor element in the transaction, which was essentially one for services. Accordingly, the contractor's work was not a transaction in goods within the meaning of section 672.314, Florida Statutes (1981), which provides a cause of action for an implied warranty of merchantability for goods sold by a merchant. See Arvida Corporation v. A.J. Industries, Inc., 370 So.2d 809 (Fla. 4th DCA 1979) (Baker, A.J., specially concurring), and Lee v. C. and P. Service Corp., 363 So.2d 586 (Fla. 3d DCA 1978), cert. denied, 372 So.2d 469 (Fla. 1979). This appeal does not involve any claim against the contractor based on breach of implied warranty of fitness of a particular product for a particular purpose. Therefore, cases such as Biscayne Roofing v. Palmetto Fairway Condominium Association, Inc., 418 So.2d 1109 (Fla. 3d DCA 1982), and State of Florida, Department of Transportation v. Cone Brothers Contracting Co., 265 So.2d 63 (Fla. 1st DCA 1972), are inapplicable.
The trial court also correctly granted summary judgment in favor of the contractor and against the owner as to the negligence theory of indemnity and contribution under the authority of Slavin v. Kay, 108 So.2d 462 (Fla. 1958). There was no genuine issue but that the contractor completed the work under the contract and that the owner accepted and paid for the contracted services with clear and explicit knowledge that the resurfaced road was slippery. See Birch v. Capeletti Brothers, Inc., 478 So.2d 454 (Fla. 5th DCA 1985). The Cosmicoat was not an inherently dangerous commodity and the dangerous condition of the known slippery road was not a latent or hidden matter to the owner.
AFFIRMED.
DAUKSCH, J., concurs.
ORFINGER, J., dissents without opinion.
NOTES
[1] The Jacksons' appellate attack on a summary judgment against them and in favor of the contractor on their negligence claim against the contractor failed because it was untimely.