489 So.2d 1221 (1986)
James Z. CRAFT, Appellant,
v.
WET 'N WILD, INC., Appellee.
No. 85-995.
District Court of Appeal of Florida, Fifth District.
June 12, 1986.
*1222 Ronald L. Sims of Hendry, Stoner, Sims & Sawicki, P.A., Orlando, for appellant.
J. Charles Ingram and G.B. McVay Voght of Pitts, Eubanks, Hannah, Hilyard & Marsee, P.A., Orlando, for appellee.
COBB, Chief Judge.
The plaintiff below, James Craft, sued Wet 'N Wild, Inc., as a result of injuries he sustained while riding a large water slide owned and operated by the corporate defendant. Count two of his complaint was predicated on strict liability. The trial court granted a judgment on the pleadings against plaintiff on this count. The issue on appeal, as framed by the plaintiff, is: Can a defect in a water slide amusement attraction manufactured on site by the owner give rise to a cause of action in strict liability?
We agree with the trial judge's negative answer to this question. Principles of strict liability do not apply to structural improvements to real property. Jackson v. L.A.W. Contracting Corp., 481 So.2d 1290 (Fla. 5th DCA 1986); Neumann v. Davis Water and Waste, Inc., 433 So.2d 559 (Fla. 2d DCA), petition for review denied, 441 So.2d 632 (Fla. 1983). The exception to the general rule  i.e., injuries arising from a product manufactured by a defendant and incorporated into an improvement to real property may support a strict liability action[1]  is not relevant to the instant action, which alleges the defectiveness of the structural improvement itself. The plaintiff's cause of action for negligent design was alleged in, and tried pursuant to, count three of his complaint, and is not at issue on this appeal.
AFFIRMED.
ORFINGER, J., concurs.
DAUKSCH, J., concurs specially with opinion.
DAUKSCH, Judge, concurring specially:
Because of the design and construction of this water-slide I agree that strict liability is not available to this plaintiff. This water-slide is built of soil and poured concrete forming a structure not unlike footings for a building. The soil is mounded, shaped, entrenched and the entrenchments concreted. Water is made to flow down and, at various points, pool up, creating simulated mountain stream rapids. The structure is incorporated into the land and is not built upon and attached to the land. Thus, in my opinion the plaintiff could not prove an entitlement to a strict liability instruction under the law as cited in the majority opinion.
NOTES
[1] See Vaughn v. Edward M. Chadbourne, Inc., 462 So.2d 512 (Fla. 1st DCA 1985).