NESBITT, Judge.
This legal malpractice action was brought by the trustee of a land trust against an attorney and her law firm. The trustee alleged that the attorney’s negligence resulted in the trustee taking title to less land than intended. The trial court entered summary judgment for the attorney, holding that the trustee was not the proper party to bring the suit. We reverse and remand on the following analysis.
Felix Lima and Mark Datwani wanted to buy land for subsequent development. Pablo Valdes acted as broker for the transaction. Lima and Datwani approached Maitte Netsch, an attorney, about the proposed purchase. The land was to be held as a land trust under section 689.071, Florida Statutes (1981). Netsch prepared the trust documents. She was also to act as trustee. The beneficiaries were Lima, Datwani, and Valdes. Valdes received an interest in the trust as his commission on the deal.
The day before the property closing, Marlene Datwani, Mark Datwani’s wife, was substituted as trustee and on May 21, 1982 purchased the land with Netsch acting as attorney. In her complaint, Mrs. Dat-wani claims she expected to receive title to 13.3981 acres of property but later discovered that because the closing documents incorrectly described the premises and acreage, she received title to only 9.9023 acres. She discovered the loss around February 12, 1986 and thereafter, acting as *723 trustee, sued Netsch and her law firm (hereafter Netsch) for malpractice.
Netsch moved for summary judgment arguing that Mrs. Datwani was not the proper person to bring suit because the trust beneficiaries had changed since the time of the alleged malpractice. Lima had assigned his interest to Mr. Datwani, who had later assigned all of his interest to other people. The trial court granted the motion holding that Mrs. Datwani could not sue on behalf of former beneficiaries who had assigned their interests in the trust as this would act to subordinate the interests of the present beneficiaries. Further, it held that she could not sue on behalf of the present beneficiaries due to the nonassignable nature of a malpractice action.
The trial court also held, as a matter of fact, that no attorney/client- relationship existed between Netsch and Mrs. Datwani. She sought leave to amend to add herself, personally, and Mr. Datwani, Lima, Valdes, Rafael Rivas Sierra, Eduardo Marun and Arun Datwani, the past and present beneficiaries of the trust as plaintiffs. The trial court denied the motion.
While the legal and equitable title to property in this type of land trust reside in the trustee, the duties, rights and responsibilities attendant upon real property owners continue to reside in the beneficiaries. Taylor v. Richmond’s New Approach Ass’n, 351 So.2d 1094 (Fla. 2d DCA 1977), cert. denied, 366 So.2d 885 (Fla.1978). In the instant case, a rider to the land trust agreement establishes the rights and obligations of the trustee and the original beneficiaries and confirms our conclusion that the original beneficiaries are the proper parties to bring this action. According to that agreement, the sole possession, management and control of the selling, renting, maintaining and handling of the property rests with the beneficiaries. Also, according to the agreement, the trustee is not responsible for the prosecution or defense of legal proceedings absent sufficient funds or indemnification by the beneficiaries. Upon service of process, the extent of the trustee’s responsibility is to forward the process to the person named therein or in the absence of such designation, to the beneficiaries. The trustee is to deal with trust property only upon the beneficiaries’ written authorization. Thus, the agreement between the parties establishes the original beneficiaries, who relied on Netsch’s professional services, as the proper parties to bring this action.
Appellees agree that the original beneficiaries had the right to sue Netsch. They maintain, however, that these beneficiaries lost that right when they chose to sell the property. We find that analysis to be entirely inappropriate and inequitable. While the original beneficiaries may have sold their interest in the trust, they did not sell their cause of action against Netsch. The authorities appellees cite for the nonas-signability of legal malpractice actions can only be used to show why the subsequent land purchasers cannot bring this action. See Mickler v. Aaron, 490 So.2d 1343 (Fla. 4th DCA 1986); Washington v. Fireman’s Fund Ins. Co., 459 So.2d 1148, 1149 (Fla. 4th DCA 1984). The original beneficiaries under the proposed amended complaint are not seeking to enforce an assigned malpractice claim, rather they are pursuing one which lies with themselves directly.
We conclude that the original beneficiaries were privileged to alienate their interests in the land trust and at the same time maintain an action against the lawyer who drew up the documents for the land purchase. The trial court abused its discretion in denying leave to amend to add as plaintiffs those persons who were trust beneficiaries when the alleged malpractice occurred. See Unitech Corp. v. Atlantic Nat’l Bank, 472 So.2d 817 (Fla. 3d DCA 1985); Penn Cork & Closures, Inc. v. Piggyback Shippers Ass’n of Fla., 281 So.2d 46 (Fla. 3d DCA 1973). Florida Rule of Civil Procedure 1.190 requires that leave to amend should be freely granted. The original complaint was brought by the trustee, for past and present beneficiaries. Thus, Netsch knew of the claim of these beneficiaries from the beginning. See Assad v. Mendell, 550 So.2d 52 (Fla. 3d DCA 1989) (denial of leave to amend is an abuse of discretion where the proffered amendment *724 indicates plaintiff's ability to state a cause of action). An amendment adding plaintiffs after the running of the statute of limitations is properly allowed when the amendment relates back to the original complaint. See Handley v. Anclote Manor Found., 253 So.2d 501 (Fla. 2d DCA 1971), cert. denied, 262 So.2d 445 (Fla.1972); see also Griffin v. Workman, 73 So.2d 844 (Fla.1954). Netsch knew or should have known of the existence and involvement of the original beneficiaries. Thus, the requirements of the relation back doctrine have been met.
Accordingly, we reverse with directions to grant the motion to amend the complaint.