PER CURIAM.
This is a fraud case in a post trial posture in which the trial court overturned a verdict for plaintiffs and granted post verdict motions for directed verdicts in favor of all defendants, entering final judgments thereon. We reverse.
The Wrobleskis, husband and wife, sued the Sebastianis electing to claim damages for fraud in the sale of a “mom and pop” motel purchased from Vincent and Anna Sebastiani. The latters’ son, Max Sebastia-ni, owns the appellee realty corporation, Dynasty Homes and Investments, Inc., which had the listing on the motel and which, through agents, actively participated in the sale negotiations. Plaintiffs claim was based on alleged fraudulent misrepresentations made by all defendants and/or their agents as to the past income and profits realized in the operation of the motel. The jury agreed and found fraud in the premises.
As noted, the trial court overturned the verdict, essentially holding that there was insufficient evidence upon which the jury could find each of the essential elements of fraud. Without line-itemizing each bit of evidence, and/or its competence to establish all essential facts, suffice it to say that the plaintiffs touched all the prima facie bases sufficient to support a verdict of fraud in favor of both plaintiffs and against all defendants. The jury could, and obviously did, believe it; and the trial court was wrong in second guessing them and for substituting its conclusions for theirs. Stenback v. Racing Associates, Inc., 394 So.2d 1128 (Fla. 4th DCA 1981) and cases cited therein. See also Echols v. The Hammet Co., 423 So.2d 923 (Fla. 4th DCA 1983).
We come now to the consolidated appeal herein taken by the Wrobleskis from the subsequent judgment of foreclosure of the purchase money second mortgage given by them to the sellers at sale, as raised by the latters’ counterclaim. That action necessarily abided the outcome of the issue of fraud which was pleaded as an affirmative defense to the foreclosure. When the trial court overturned the jury verdict and held there was no fraud, the affirmative defense fell and the judgment of foreclosure was subsequently entered, there being little if any question about default on the mortgage.
*2 In view of our holding herein on the fraud issue, however, the foreclosure judgment is obviously without foundation, the affirmative defense having been resolved by the verdict which we necessarily reinstate to abide resolution of any pending post trial motions.
Accordingly, the judgments appealed from are reversed and set aside; and the cause is remanded for further proceedings not inconsistent herewith.
GUNTHER and GARRETT, JJ., and McNULTY, JOSEPH P., (Retired), Associate Judge, concur.