NORTHCUTT, Judge.
The circuit court rendered partial summary judgment against Lonnie D. Adams Building Contractor, Inc. on the issue of its liability to Robert and Marcella O’Connor for breach of contract. Adams challenges this judgment on appeal, see Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv), and we reverse.
The O’Connors orally contracted with Adams to renovate their residence. Adams installed windows that it had purchased from a supplier. It is undisputed that the windows leaked and caused damage to the O’Connors’ home. They sued Adams for damages based on theories of breach of contract (count I), breach of warranty (count II), and negligence (count III). The partial summary judgment only determined Adams’s liability for breach of contract.
The O’Connors’ contract claim alleged two bases for liability: (1) Adams failed to perform its work in a good and workmanlike manner; and, (2) Adams furnished defective or faulty materials. As we previously noted, the parties’ contract was not written. Clearly, though, Adams owed an implied duty to perform the contract in a workmanlike manner, that is, to install the windows properly. See Lochrane Eng’g, Inc. v. Willingham Realgrowth Inv. Fund, Ltd., 552 So.2d 228, 232 (Fla. 5th DCA 1989). But the evidence before the circuit court on this issue was in conflict. One expert testified in deposition that Adams had installed the windows correctly; other evidence showed the opposite. Consequently, on motion for partial summary judgment the circuit court could not have found Adams liable for failing to perform in a workmanlike manner because there were genuine issues of material fact in that regard. See Wilson v. Woodward, 602 So.2d 547 (Fla. 2d DCA 1992).
Neither could the partial summary judgment properly have been founded on Adams’s failure to deliver defect-free windows. Recall that the court did not enter a judgment of liability on count II of the O’Connors’ complaint, which remains pending. That count alleged that Adams breached an express warranty that the windows were free from defect and suitable for their intended purposes. Therefore, we presume that in count I the O’Connors attempted to state a breach of contract action based on a warranty or duty implied by law. However, we find no legal basis for such. In this regard we note that the implied warranties in the Uniform Commercial Code do not generally pass from a contractor to an owner, because a contractor is viewed as a provider of services, not a merchant. See § 672.104, .314, Fla. Stat. (1989); Jackson v. L.A.W. Contracting Corp., 481 So.2d 1290, 1292 (Fla. 5th DCA 1986).
The O’Connors maintain that Lo-chrane establishes that a contractor is liable if he furnishes defective products. More accurately, Lochrane states that a contractor must install products that are “reasonably-suited for the purposes for which they were intended.” 552 So.2d at 232, Lochrane does not hold that a construction contract impliedly promises that any products the contractor uses will be free of defects. Cf. Prestige Dev. Group, Inc. v. Russell, 612 So.2d 691 (Fla. 1st DCA 1993) (holding that where roofer agreed to install roofing materials according to manufacturer’s specifications, and where no evidence established an express warranty that roof would not leak, or poor workmanship, plaintiff failed to prove damages from leaky roof were caused by roofer’s breach of contract). The O’Connors did not allege that the windows were unsuitable in count I. That allegation was contained in count II, which was not the subject of the summary judgment. Because Adams was not under an implied duty to deliver defect-free windows, the summary judgment, if entered on that basis, was error. We reverse the judgment, and remand for further proceedings.
Reversed and remanded.
PARKER, C.J., and RONDOLINO, . ANTHONY, Associate Judge, concur.