# Third District Court of Appeal

## State of Florida

Opinion filed May 29, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1762
Lower Tribunal No. 15-21747

_____

**Toscano Condominium Association, Inc.,**

Appellant,

vs.

**DDA Engineers, P.A.,**
**f/k/a Donnell, Duquesne, & Albaisa, P.A.,**

Appellee.


An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Siegfried, Rivera, Hyman, Lerner, De La Torre, Mars & Sobel, P.A., and Jason B. Trauth, and James S. Czodli, for appellant.

Oramas & Associates, P.A., and John E. Oramas, and Miles A. Archabal, for appellee.

Before EMAS, C.J., and SCALES, and LINDSEY, JJ.

LINDSEY, J.

Toscano Condominium Association, Inc. (the "Association") appeals the denial of its motion to file a fourth amended complaint to include Appellee DDA Engineers as a direct defendant in a multi-defendant action for construction and design defects in a condominium building. Because the Association was, at a minimum, on notice of the potential claims against DDA Engineers yet waited until after it had already been granted leave to amend on three prior occasions, and because the Association did not seek to assert those claims until more than two years after the filing of the complaint and more than six months after the trial court conducted its case management conference, we affirm, finding that the trial court did not abuse its discretion in denying the Association's motion for leave to amend.

## I.  BACKGROUND

The Association assumed control of the condominium at issue in June 2012. In September 2015, the Association filed this action against various defendants for damages allegedly arising from construction and design defects in the condominium.  In May 2016, the Association amended its complaint to add more defendants.  The Association further amended its complaint to add additional defendants in January and June of 2017.  Thereafter, in June 2017, the trial court entered its Case Management Order setting various deadlines for pretrial events and scheduling the case for trial beginning July 16, 2018.[1]  The order imposed an

August 1, 2017 deadline for adding parties. Despite this deadline, the Association moved for leave to file a fourth amended complaint to add claims against DDA Engineers on November 30, 2017. The trial court denied the Association's motion to amend on January 22, 2018.[2] The Association now seeks review of the denial of its motion to file the fourth amended complaint.[3]

## II. JURISDICTION

As an initial matter, DDA Engineers contends that this appeal is untimely because the Association relied on the trial court's dismissal order as a final judgment, which was entered about six months after the order denying leave to amend. According to DDA Engineers, the order denying the motion for leave to amend was a final and appealable order; therefore, the Association's appeal is untimely.

We disagree. "[A]n order denying leave to amend is a non-final and non-appealable order." Traveler v. Steiner Transocean Ltd., 895 So. 2d 1191, 1192 (Fla. 3d DCA 2005) (citing Palomares v. Ocean Bank of Miami, 574 So. 2d 1159, 1161 (Fla. 3d DCA), review denied, 587 So. 2d 1328 (Fla. 1991)). DDA

---

[1] The trial court conducted a case management conference in April 2017, which resulted in the Case Management Order, entered in June 2017.

[2] Throughout the case, the Association stipulated to dismissal of various defendants. Ultimately, the Association dismissed its claims against all other defendants.

[3] In its brief, the Association asserts it has filed, separate and apart from this appeal, an independent action against DDA Engineers.

Engineers mistakenly relies on <u>Valcarcel v. Chase Bank USA NA</u>, 54 So. 3d 989, 990 (Fla. 4th DCA 2010), which held that "[a]n order dismissing an action without prejudice and without granting leave to amend is a final appealable order." But here, unlike in <u>Valcarcel</u>, the order denying the Association's motion for leave to amend did not dismiss the action. "For an order to be final, it must constitute an entry of a dismissal of the case. It is the dismissal of the case that is final and appealable . . . ." <u>GMI, LLC v. Asociacion del Futbol Argentino</u>, 174 So. 3d 500, 501 (Fla. 3d DCA 2015).

Thus, the order denying the Association's motion for leave to amend was an interlocutory order that could not be appealed until the case was completed. This occurred upon the dismissal of the case. Accordingly, we have jurisdiction. <u>See</u> Philip J. Padovano, 2 Fla. Prac., <u>Appellate Practice</u> § 23:3 (2018 ed.) ("When the jurisdiction of an appellate court has been invoked to review a final order or judgment, the court may review the entire case in the lower court, including all issues preserved for review during the trial and pretrial proceedings." (citing Fla. R. App. P. 9.110(h))).

## III. STANDARD OF REVIEW

This Court reviews the denial of a motion for leave to amend a pleading for abuse of discretion. <u>RV-7 Prop., Inc. v. Stefani De La O, Inc.</u>, 187 So. 3d 915, 916 (Fla. 3d DCA 2016) (citing <u>Cobbum v. Citimortgage, Inc.</u>, 158 So. 3d 755 (Fla. 2d

4

DCA 2015)); Kohn v. City of Miami Beach, 611 So. 2d 538, 539 (Fla. 3d DCA 1992) ("It is settled that as an action progresses, the privilege of amendment progressively decreases to the point that the trial judge does not abuse his discretion in dismissing with prejudice."); Alvarez v. DeAguirre, 395 So. 2d 213, 216 (Fla. 3d DCA 1981) ("While the policy in Florida is to liberally allow amendments to pleadings where justice so requires, Romish v. Albo, 291 So.2d 24 (Fla.3d DCA 1974), Turner v. Trade-Mor, Inc., 252 So.2d 383 (Fla. 4th DCA 1971), a trial judge in the exercise of sound discretion may deny further amendments where a case has progressed to a point that liberality ordinarily to be indulged has diminished." (citing Ruden v. Medalie, 294 So. 2d 403 (Fla. 3d DCA 1974)).

## IV. ANALYSIS

The issue before us is whether the trial court abused its discretion in denying the Association's fourth motion to amend. We find it did not. We recognize the general rule governing motions to amend a complaint that "leave to amend a Complaint should not be denied unless the privilege is abused, the opposing party will be prejudiced, or amendment would be futile." Gerber Trade Fin., Inc. v. Bayou Dock Seafood Co., 917 So. 2d 964, 978 (Fla. 3d DCA 2005) (citing World Class Yachts, Inc. v. Murphy, 731 So. 2d 798, 800 (Fla. 4th DCA 1999)); see also Fla. R. Civ. P. 1.190(a) ("Leave of court shall be given freely when justice so

5

requires."). "However, in addition to the desirability of allowing amendments to pleadings so that cases may be concluded on their merits, there is an equally compelling obligation on the court to see to it that the end of all litigation be finally reached." Price v. Morgan, 436 So. 2d 1116, 1122 (Fla. 5th DCA 1983) (citing Alvarez, 395 So. 2d at 216).

The Association contends both that it did not abuse its amendment privilege and that there was no prejudice to DDA Engineers. Here, the proposed amendment would have been the fourth time the Association amended its complaint to bring in new parties to the litigation. And significantly, the latest request to amend came after the case was set for trial and the trial court had specifically set a deadline for bringing in new parties.

With regard to prejudice, admittedly, DDA Engineers was involved in the case relatively early on in the litigation. But, it faced only indemnity claims from the architect of the condominium building. The Association is correct that these are qualitatively different from the direct claims it sought to bring against DDA Engineers in its role as structural engineers and threshold inspectors. However, litigation must end at some point, and trial courts must be afforded the discretion to manage their dockets. See SR Acquisitions-Florida City, LLC v. San Remo Homes at Florida City, LLC, 78 So. 3d 636, 638 (Fla. 3d DCA 2011) ("A trial court has broad discretion to manage its docket, but must do so within the confines

6

of governing statutes and rules of procedure."). Likewise, litigants must bear some responsibility in diligently pursuing their cases to resolution in a timely manner. See Freeman v. Mintz, 523 So. 2d 606, 610 (Fla. 3d DCA 1988) (recognizing plaintiffs' "obligations as litigants to diligently prosecute the claim").

## V. CONCLUSION

Accordingly, because the Association was at a minimum on notice of the potential claims against DDA Engineers yet waited until after it had already been granted leave to amend on three prior occasions, and because the Association did not seek to assert those claims until more than two years after the filing of the complaint and more than six months after the trial court conducted its case management conference, we find that the trial court did not abuse its discretion in denying leave to amend.

AFFIRMED.