FERNANDEZ, J.
*241 The plaintiff, Pangea Produce Distributors, Inc. ("Pangea"), appeals the trial court's final order denying Pangea's Motion for Leave to File a Third Amended Complaint. Following a review of the record, we find that the circuit court abused its discretion in denying Pangea leave to amend. Thus, we reverse the final order denying Pangea's Motion to Amend.
In 2011, Pangea filed a single-count complaint against Carlos Franco and his corporation, Franco's Produce, Inc. (collectively, "Franco"), alleging that the parties entered into a verbal joint venture involving the sale of produce in Miami-Dade County between April 2010 and December 2010. In August 2012, Pangea moved for leave to amend to add Perishable Agricultural Commodities Act ("PACA") claims. After the case was set for trial in August 2015, Pangea decided to drop its PACA claim and moved the Court, ore tenus , to amend once again. The motion was granted and, on August 24, 2015, Pangea filed its Second Amended Complaint. The Second Amended Complaint contained five counts based on the same alleged transaction, but added that the alleged verbal joint venture was for a trial period of three to six months, terminable by either party.
On August 27, 2015, Franco filed a joint Motion to Dismiss Pangea's Second Amended Complaint. Mr. Franco argued that the Second Amended Complaint was "legally insufficient" as to him individually, and Franco's Produce requested dismissal of the Complaint as to Count II (Open Account), Count III (Account Stated), and Count IV (Unjust Enrichment), based on technicalities. Franco also argued that when the Second Amended Complaint was filed, Pangea departed from the pleadings by adding allegations of fact, namely regarding the alleged short-term trial period and termination option.
On November 3, 2015, the circuit court heard Franco's Motion to Dismiss Pangea's Second Amended Complaint. The Court entered an order granting Franco's Motion to Dismiss with prejudice. Pangea filed a Motion for Reconsideration or Clarification, arguing that it was error to dismiss the entire Complaint, as Franco's Motion to Dismiss did not articulate any proper argument in favor of dismissal of Counts I (Breach of Joint Venture/Partnership Agreement Terminable at Will) or Count V (Breach of Contract), and the court's dismissal of the Second Amended Complaint was based on the defense argument that Pangea had re-alleged and incorporated certain prior paragraphs into Counts II, III, and IV that contradicted those causes of action, but which Pangea argued could be easily cured. Contemporaneously, Pangea filed a Motion for Leave to File a Third Amended Complaint, with a proposed Third Amended Complaint to correct the minor deficiencies attached.
On March 21, 2017, the circuit court denied the Motion for Rehearing and the Motion for Leave to Amend. Believing that this was a final order, Pangea appealed. That appeal was dismissed upon a determination that the order then under review was not a final order. Subsequently, a final order was entered, and Pangea timely filed this appeal.
*242 This Court has jurisdiction to review final orders of trial courts not directly reviewable by the Florida Supreme Court or a circuit court pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A). The standard of review for the denial of leave to amend is abuse of discretion. Datwani v. Netsch, 562 So. 2d 721, 723 (Fla. 3d DCA 1990).
Florida Rule of Civil Procedure 1.190(a), provides that leave to amend "shall be given freely when justice so requires." Typically, refusal to allow amendment of a pleading constitutes an abuse of discretion unless allowing the amendment "would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile." JVN Holdings, Inc. v. Am. Constr. & Repairs, 185 So. 3d 599, 601 (Fla. 3d DCA 2016) (quoting Kay's Custom Drapes, Inc. v. Garrote, 920 So. 2d 1168, 1171 (Fla. 3d DCA 2006) ). While the policy in Florida, as articulated in Rule 1.190(a), is to allow amendments to pleadings liberally, "a trial judge in the exercise of sound discretion may deny further amendments where a case has progressed to a point that liberality ordinarily to be indulged has diminished." Alvarez v. DeAguirre, 395 So. 2d 213, 216 (Fla. 3d DCA 1981) (explaining that in addition to the desirability of allowing amendments to pleadings so that cases may be concluded on their merits, there is an equally compelling obligation on the court to see to it that the end of all litigation be finally reached). Although the number of amendments is not determinative of abuse, three ineffective attempts to state the same cause of action or defense are enough, and the liberality in permitting amendments decreases as the action progresses and as the number of amended pleading increases. Id. at 217.
In the present case, there has been no showing that granting leave to amend the complaint would prejudice Franco or that the amendment would be futile. There is no support for the notion that Pangea has abused the privilege to amend given that Pangea has only amended twice before. Franco cites to Alvarez for the proposition that dismissal of a complaint after three ineffective attempts at proper pleadings is not deemed abuse of discretion. However, in Alvarez the plaintiff had six opportunities to present a proper pleading and failed to do so. Unlike in Alvarez, Pangea has only amended twice before and is only now seeking a third opportunity to present a proper pleading. Thus, we reverse the circuit court's order denying Pangea leave to file a third amended complaint. In light of our conclusion, we decline to address the remaining issues raised on appeal.
Reversed and remanded.