# Third District Court of Appeal

## State of Florida

Opinion filed August 2, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1102
Lower Tribunal No. 18-19425 CC
_____

**Catia Dombrowski, et al.,**
Appellants,

vs.

**Jennifer Blum, et al.,**
Appellees.

An Appeal from the County Court for Miami-Dade County, Diana Gonzalez-Whyte, Judge.

Monica Sablon, P.A., and Monica B. Sablon (Fort Myers), for appellants.

Rennert Vogel Mandler & Rodriguez, P.A., and Shay B. Cohen, for appellee Jennifer Blum.

Before SCALES, LINDSEY and GORDO, JJ.

SCALES, J.

Appellants, plaintiffs below, Catia and Lawrence Dombrowski, Jr., appeal three orders of the trial court[1] entered in favor of appellee, defendant below, Jennifer Blum. Appellants also assert that the trial court erred by failing to rule on, thus effectively denying, their motion for leave to file a third amended complaint.

On *de novo* review,[2] we affirm the final judgment (and the trial court's denial of Appellants' rehearing motion) because Appellants' second amended complaint, sounding in negligence – which sought to hold Appellee liable for damage to Appellants' downstairs condominium unit caused by water allegedly emanating from Appellee's upstairs unit – failed to allege either a tort duty owed by Appellee or a breach of that duty, and essentially sought to hold Appellee strictly liable for the water damage. See Pozanco v. FJB 6501, Inc., 346 So. 3d 120, 123 (Fla. 3d DCA 2022) (holding that, to maintain a negligence action, a plaintiff must allege duty, breach, causal connection and damages); Haynes v. Lloyd, 533 So. 2d 944, 946 (Fla. 5th

---

[1] The three orders are: (i) an October 14, 2021 order granting a motion for judgment on the pleadings and entering judgment against Appellants; (ii) a June 6, 2022 order denying rehearing; and (iii) a June 6, 2022 order granting defendant entitlement to attorney's fees. Appellants, however, did not pursue their appeal on the latter order.

[2] See IMC Grp. v. Outar Inv. Co., LLC, 336 So. 3d 1217, 1219 (Fla. 3d DCA 2022).

DCA 1988) (holding that the owner of real property is not strictly liable for injury on the premises by virtue of the ownership of the property).

As for the trial court's not adjudicating, and therefore effectively denying, Appellants' motion for leave to file a third amended complaint ("amendment motion"), the timeline is important. The trial court's final judgment on the pleadings was entered on October 14, 2021. Appellants' motion for rehearing directed to the final judgment was timely filed on October 29, 2021. While Appellants' motion for rehearing was pending, Appellants filed their amendment motion on January 27, 2022, over three months after the entry of the final judgment.

The trial court conducted a hearing on Appellants' rehearing motion that occurred over two days and concluded on May 12, 2022. While it is true that, at this hearing, Appellants' counsel apprised the trial court that Appellants' amendment motion was pending, Appellants did not immediately seek to set their amendment motion for hearing. In fact, it was not until June 2, 2022, more than four months after Appellants filed their amendment motion, that Appellants noticed their amendment motion for a July 15, 2022 hearing. On June 6, 2022, the trial court entered its order denying rehearing, thus divesting the trial court of jurisdiction to adjudicate, and effectively denying, Appellants' amendment motion. See Fla. Organic Aquaculture, LLC

3

v. Advent Envtl. Sys., LLC, 268 So. 3d 910, 913 (Fla. 5th DCA 2019) ("[T]he entry of an order denying a motion for rehearing divests a trial court of jurisdiction to conduct further proceedings.").

We review a trial court's denial of a motion to amend for abuse of discretion. Pangea Produce Distribs., Inc. v. Franco's Produce, Inc., 275 So. 3d 240, 242 (Fla. 3d DCA 2019). We note that there are several cases in which a district court has reversed a trial court order, entered after entry of judgment, denying a motion seeking leave to amend.[3]  While it may have been within the trial court's discretion to grant Appellants' amendment motion, for us to conclude that the trial court abused its discretion by denying the amendment, we must determine that, as a matter of law, no reasonable judge would have denied Appellants' amendment motion in these circumstances. Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980); Toscano Condo. Ass'n v. DDA Eng'rs, P.A., 274 So. 3d 487, 490 (Fla. 3d DCA 2019). Given the timeline related to the amendment motion in this case, we are unable and unwilling to make such a determination.

Affirmed.

---

[3] See, e.g., Baird v. Continental Ins. Co., 237 So. 2d 206, 206 (Fla. 4th DCA 1970); Sea Shore Motel Corp. v. Fireman's Fund Ins. Co., 233 So. 2d 651, 652 (Fla. 4th DCA 1970).